## WESTPHAL, HINDS & CO. v. MOULTON.

1. **Guaranty:** WHAT CONSTITUTES. In response to an order for goods, plaintiffs replied that they would not deliver them unless the purchaser would procure some one to guarantee payment for them; the purchaser answered, stating that defendant had offered to assist him, and defendant indorsed upon the letter his agreement to the proposition: *Held*, that he was liable as guarantor.

*Appeal from Jones Circuit Court.*

TUESDAY, DECEMBER 12.

THE plaintiffs aver in their petition, in substance, that on or about the 10th day of June, 1874, one J. A. Derbins ordered

of the plaintiffs a bill of goods amounting to the sum of $209.70, on 60 days' time; that plaintiffs refused to sell or deliver said goods to said Derbins, on time, unless the said Derbins would get some one to guarantee their payment; that to induce plaintiffs to sell and deliver said goods to said Derbins, the defendant, M. M. Moulton, on the 17th day of June, 1874, made to plaintiffs his written guaranty of payment for said goods in sixty days, a copy of which is attached marked "Exhibit A"; that in pursuance of said guaranty, and in consideration thereof, the plaintiffs sold to said Derbins and delivered to him said bill of goods, amounting to the sum of $209.70, on or about the 17th day of June, 1874, an itemized statement of which is attached, marked "Exhibit B."

"Exhibit A" is in the following words:

"MONTICELLO, IOWA, June 17, 1874.

"MESSRS. WESTPHAL, HINDS & CO.

"In answer to yours, in regard to a guarantee of payment in 60 days for bill goods ordered.

"Mr. M. M. Moulton has offered to assist me; if satisfactory please ship goods.

Yours,                    J. A. DERBINS.

6-17,-1874.        I agree to the above.

M. M. MOULTON."

To the above is attached, as "Exhibit B," a bill of the goods.

The defendant demurred to the petition on the ground that it sets up an agreement by the defendant to pay the debt of another, and it does not appear that the agreement is in writing.

The court overruled the demurrer. Judgment for plaintiffs. Defendant appeals.

*Keeler & Keeler*, for appellant.

*Monroe & Herrick* and *Fockler & Longueville*, for appellees.

ADAMS, J.—The letter of Derbins attached to plaintiffs' petition as "Exhibit A." refers to a letter written by plaintiffs to Derbins, and also to the bill of goods which had been ordered. It is claimed by the appellant that his contract, whatever it was, can be gathered only from the three papers. If we should concede this to be the fact, it would not appear that his contract was not in writing, but only that the whole writing was not set out.

1. GUARANTY: what constitutes.

We are of the opinion, however, that the writing which embraces his contract was set out. It is found in the letter of Derbins, and the defendant's indorsement, and the bill of goods.

It is contended, however, by the defendant, that the plaintiffs' letter to Derbins is necessary, because otherwise the terms of the guaranty do not appear; and he argues that it may be that the plaintiffs demanded two guarantors. To this it is sufficient to say that if the plaintiffs did demand two guarantors, Derbins, in the letter which the defendant indorsed, proposed to give but one guarantor, and asked plaintiffs to ship the goods if that one guarantor was satisfactory; and defendant agreed to be that one guarantor, and the goods were shipped.

It is further urged that an agreement to assist Derbins was not an agreement of guaranty made to the plaintiffs. But defendant's indorsement is written upon a letter to the plaintiffs, and the assistance referred to must mean the assistance which plaintiffs required Derbins to get; that is, the assistance of a guarantor.

Finally, it is said that perhaps plaintiffs required a guaranty by the guaranty of a promissory note. That, to our mind, is not the fair intendment of the letter which the defendant indorsed. Whatever the plaintiffs required, the goods were shipped upon the strength of that letter.

The judgment of the Circuit Court is

AFFIRMED.